In the United States Bankruptcy Court
For the District of Maryland
<u>Baltimore Division</u>

In re:                                    (
                                          (
STEPHENSON, ELLEN M.          (        Case No.: 08-11066-RG
                                          (
        Debtor(s)                      (        (Chapter 7)
                                          (
(    (    (    (    (    (    (    (    (    (    (    (    (

**MOTION TO SELL REAL PROPERTY FREE AND
<u>CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS</u>**

Zvi Guttman, Trustee, by his undersigned attorneys, moves for the authority to sell certain improved residential real property free and clear of all liens, encumbrances and interests. In support hereof, he states:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are, *inter alia,* 11 U.S.C. §363 and Federal Rules of Bankruptcy Procedure 2002 and 6004.

4. This is a core proceeding.

**BACKGROUND**

5. Ellen Stephenson (the "Debtor" or "Ellen") commenced this case by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 24, 2008.

6. Zvi Guttman was appointed as the trustee (the "Trustee").

7. The Debtor's Schedule A reflects her ownership of improved residential real estate at **7899 Whites Cove Road, Pasadena, MD 21122** (the "Property") with a value of $419,050.00.

8. The Trustee employed **Chuck Ruth** of At Home Real Estate Services, LLC (AHRE) to provide valuation advice and to market the Property. The Trustee has since determined that given the current real estate market and the condition of the Property, the scheduled value of the property is overstated.

9. AHRE has procured and subject to Court approval the Trustee has accepted, a Contract to purchase the Property submitted by **James N. Gaither and**

**Tanya M. Perera** (hereinafter, they or their designees, the "Buyer").

10. The proposed purchase price is $318,000. However, there are several standard contingencies (e.g., FHA financing, home inspection) and an agreement by the Trustee to pay up to 6% closing cost help for Buyer.

11. The sale is scheduled to close immediately following the entry of an Order on this Motion.

12. A copy of the Contract and relevant addenda may filed prior to the hearing on this Motion and are available from the Trustee.

13. While this Motion is pending, higher offers will be considered.

## ENCUMBRANCES, LIENS AND INTERESTS[1]

14. Upon information and belief, the Property is not encumbered by a consensual mortgage or deed of trust. Nevertheless, the Property may be subject to claims, liens or interests as follows:

   A. On June 13, 2007, Norman Stephenson ("Norman") filed a voluntary petition for Relief under Chapter 7 and the Trustee was appointed as the trustee in that case;[2]

   B. Norman and the Debtor were husband and wife;

   C. At the time of the filing of the their individual cases the Property was owned by the Debtors as tenants by the entireties;

   D. Some of the debts scheduled by the Debtors in their respective cases were joint, but not all;

   E. Norman passed away on April 11, 2008;

   F. By operation of law, the tenants by the entireties interests previously shared by the two bankruptcy estates vested solely in the bankruptcy estate of Ellen. See, *In re Ballard, 65 F.3d 367, 369 (4th Cir. 1995).*[3]

   G. Judgments and claims which may have been or could be asserted against the interests of Norman or his estate in the Property have

---

[1] The Trustee has not yet investigated the validity, priority or extent of any encumbrance, lien or interest or the *bona fides* of the claim secured thereby or related thereto and reserves the right to do so.

[2] Case no.: 07-15420-RG

[3] Quoting the Bankruptcy Court "finding that upon [co-debtor's] Mrs. Ballard's death, Mr. Ballard's estate acquired the entire amount of the proceeds from the sale of their home, based on the Ballards' tenancy by the entireties interest in the proceeds. Thus, the court reasoned, whether Mrs. Ballard was also liable for the IRS tax claim was moot because, after her death, all the proceeds from the sale must be allocated to Mr. Ballard's estate." Ballard, pp. 369.

been eliminated by his death but may remain as a cloud on title requiring this Court's Order pursuant to 11 U.S.C. § 363(f) to clear it.[4]

H. Similarly, judgments and claims which may have been or could be asserted against the individual interests of Ellen in the Property may remain as a cloud on title requiring this Court's Order pursuant to 11 U.S.C. § 363(f) to clear it

I. In addition, the Debtor has agreed to allow up to $9,200 of otherwise surplus proceeds from the sale of the Property to be paid to the Bankruptcy Estate of Norman Stephenson to satisfy certain insider preference claims.

J. In addition, approximately $7,000 in real property taxes are due and unpaid.

## AUTHORITY TO SELL

15. Pursuant to §363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Pursuant to §363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

16. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of §363(f).

17. The Trustee believes, and therefore avers, that he will be able to demonstrate that he has satisfied one or more of these conditions with respect to each and every entity claiming an interest in or lien upon such Property and that he should be authorized to sell the Property to the Buyer free and clear of all liens, claims, encumbrances and interests.

## CONCLUSION

18. The Trustee anticipates that the proposed sale will result in the payment, in full, of all filed claims against this estate.

---

[4] See, e.g., Norman's Schedule E.

19. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale by auction is in the best interest of the creditors of this estate.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale of the Property to the buyer on an "as is" basis free and clear of all liens, encumbrances, or interests with said liens, claims and interests, if any, to attach to the proceeds of sale, subject to a further determination as to their validity, priority or extent;

B. Authorizing the Trustee to take any and all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property and assumption and assignment of such contracts, including without limitation, executing a deed conveying the Property to the Buyer or such other person as may be approved by the Court. The stay of Rule 6004 shall not apply;

C. Authorizing the Trustee to disburse from the proceeds of sale at or after settlement, directly or through an intermediary including a title company:

  i. any transfer or recordation fees and stamps and costs of sale which are chargeable to the estate under and pursuant to the terms of the Contract;
  ii. the principal and interest and other allowable charges and amounts due to any person whose interest is or claim is secured by a non-avoidable, non-subordinated, valid and perfected interest or lien on the Property;
  iii. the compensation and reimbursement of expenses of AHRE; and
  iv. the estate's proportionate share of real property taxes, water/ sewage charges and ground rent due (if any) as of the date of closing;
  v. up to 6% of Buyer's closing costs;
  vi. up to $9,000 to the Bankruptcy Estate of Norman Stephenson; and
  vii. Funds above and beyond those necessary for administration in this case to the Debtor.

D. Transferring all existing liens, claims and interests, if any, against the Property to the proceeds of the sale with the same priority as such liens, claims and interests had against the Property pre-sale but, upon motion or objection thereto, subject to the validity, extent, or priority of such liens, claims and interests and any

charge against the proceeds allowed by the Court pursuant to 11 U.S.C. § 506(c) or otherwise.

  E. Directing that all proceeds of sale not disbursed at the direction of the Trustee as authorized herein shall be turned over to and retained by the Trustee for distribution in accordance with the Bankruptcy Code and/or further Order of this Court; and

  F. Granting the Trustee such other and further relief as is just and proper.

         /s/ Zvi Guttman
         Zvi Guttman (06902)
         The Law Offices of Zvi Guttman, P.A.
         P.O. Box 32308
         Baltimore, Maryland 21282
         Zvi@ZviGuttman.Com
         (410) 580-0500 Phone
         (410) 580-0700 Fax

         **Attorney for Zvi Guttman, Trustee**